# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RODNEY D. ZEUNE,**

    **Plaintiff,**

                             Civil Action 2:15-cv-3064
                             Judge James L. Graham
    v.                               Magistrate Judge Chelsey M. Vascura

**BETH A. MICKLEY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Rodney D. Zeune, who is proceeding without the assistance of counsel, filed this action against his ex-wife, Defendant Beth A. Mickley, asserting a number of state-law claims. Pursuant to the Court's October 6, 2017 Order, this matter is before the United States Magistrate Judge for a Report and Recommendation on the question of whether subject matter jurisdiction exists in this case. For the reasons set forth below, it is **RECOMMENDED** that this action be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction.

## I.

According to Plaintiff's December 8, 2015 Complaint, Defendant breached "several conditions" of their Separation Agreement. (Pl.'s Compl. 2, ECF No. 1.) The Exhibits Plaintiff attaches to his Complaint reflect that on October 23, 2006, following an October 3, 2006 hearing, the Common Pleas Court of Knox County, Ohio, Division of Domestic Agreement, entered an "Agreed Judgment – Decree of Divorce" in which the state court detailed, in pertinent part, as follows:

> **IT IS, FURTHER, ORDERED, ADJUDGED AND DECREED** that the Separation Agreement signed by the parties and attached to this Decree is hereby approved and incorporated as part of this Decree, and that all of the terms and conditions of the Separation Agreement shall be and hereby are made Orders of this Court.

(ECF No. 1-2 at 3.)

Although the allegations in Plaintiff's Complaint lack clarity, Plaintiff appears to allege that at an October 2008 state-court proceeding relating to the Separation Agreement, the state court relied upon Defendant's testimony to enter judgment against him and in favor of Plaintiff in the amount of $25,000. (Compl. ¶¶ 9-11 and 19, ECF No. 1.) Plaintiff alleges that because he had no notice of that state-court hearing, he was unable to "point out Defendant's fraud upon the Court." (*Id*. at ¶ 11.) Plaintiff makes several allegations concerning Defendant's actions that he appears to contend contradict her testimony at the October 2008 state-court hearing and/or constitute violations of the Separation Agreement.

Plaintiff asserts that this action is properly in federal court under 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. More specifically, Plaintiff alleges that Defendant is a resident of Arizona, that he is a resident of Ohio, and that he is seeking $150,000 in damages. (*Id.* at 2, 5.)

## II.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[A] court . . . will raise lack of subject-matter jurisdiction on its own motion."). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure,

"[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Traditionally, federal courts do not have jurisdiction when the case involves "the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). This exception is not "compelled by the text of the Constitution or federal statute," but rather is a "judicially created doctrine[ ] stemming in large measure from misty understandings of English legal history." *Marshall v. Marshall*, 547 U.S. 293, 299 (2006). The domestic-relations exception is also premised on the notion that state courts have expertise in the area of domestic-related decrees "because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees." *Ankenbrandt*, 504 U.S. at 703–04. If, however, the matter does not squarely pertain to "issuing a divorce, alimony, or child-custody decree," federal courts retain jurisdiction "even if the matter involves married or once-married parties." *Marshall,* 547 U.S. at 308 (citing *Ankenbrandt,* 504 U.S. at 704).

Despite the narrow range of cases that encompass the domestic-relations exception, the United States Court of Appeals for the Sixth Circuit has held that breach-of-contract claims arising from a divorce decree are not subject to federal jurisdiction. *McLaughlin v. Cotner*, 193 F.3d 410, 413 (6th Cir. 1999) (holding that the federal court had no jurisdiction over the plaintiff's breach-of-contract claim that sought to enforce "obligations arising from marital status." *Id.* at 413-14.); *see also Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795 (6th Cir. 2015) (affirming that the domestic-relations exception prevents federal courts from "adjudicat[ing] a breach-of-contract claim arising from the alleged breach of a divorce decree").

A doctrine known as *Rooker-Feldman* further limits this Court's ability to adjudicate certain claims. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476 (1983). Specifically, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to consider Plaintiff's claims attacking the rulings of the Knox County Court of Common Pleas. "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

### III.

Regardless of whether Plaintiff seeks to challenge the January 2009 state-court judgment or raise new breach-of-contract claims arising from alleged breaches of the separation agreement, *sua sponte* dismissal of this action for lack of subject matter jurisdiction is required.

To the extent Plaintiff alleges injury arising from the state-court's January 2009 entry of judgment, which Plaintiff maintains was premised upon Defendant's fraudulent testimony at the October 2008 state-court hearing, this Court lacks jurisdiction pursuant to the *Rooker-Feldman*

4

doctrine.  *See Evans v. Cordray*, 424 F. App'x 537, 538 (6th Cir. 2011) ("If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim." (citation omitted)); *Hamilton v. Herr*, 540 F.3d 367, 372 (6th Cir. 2008) (same).

To the extent Plaintiff instead seeks to assert new breaches of the Separation Agreement, his claims are jurisdictionally barred by the domestic-relations exception.  As discussed above, the state court explicitly incorporated the Separation Agreement at issue into the state court's "Agreed Judgment Entry – Decree of Divorce," stating that "all of the terms and conditions of the Separation Agreement shall be and hereby are made Orders of this Court."  (Oct. 23, 2006 J. Entry 3, ECF No. 1-2.)  Ohio Supreme Court precedent makes clear that "when made part of the decree," such an agreement is elevated "to the status of being a part of the court's judgment . . . .' *Harris v. Harris,* 58 Ohio St.2d 303, 307 (1979) (internal quotation marks and citation omitted).

Because the at-issue Separation Agreement became part of the state-court Decree of Divorce, "the obligations now imposed are not those imposed by the law of contract or torts, . . . . but are those imposed by the divorce decree."  *McLaughlin*, 193 F.3d at 414.  Consequently, this Court lacks subject matter jurisdiction to hear breach-of-contract claims premised upon alleged breaches of the Separation Agreement because "this case is not a tort or contract suit that merely has domestic relations overtones, but is one seeking a declaration of rights and obligations arising from marital status," which is not within the purview of the federal courts.  *Id.*

**IV.**

For the reasons set forth above, it **RECOMMENDED** that the Court *SUA SPONTE* **DISMISS** this action pursuant to Rule 12(h)(3) for lack of subject-matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                 /s/ *Chelsey M. Vascura*
                                  CHELSEY M. VASCURA
                                  UNITED STATES MAGISTRATE JUDGE